FELIX R. SANTANGELO, PROSECUTOR, v. CIVIL SER-
VICE COMMISSION, DEFENDANT.

Submitted October 13, 1933—Decided January 26, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Carr & Carroll.*

For the defendant, *Green & Green.*

PER CURIAM.

This is a proceeding by which the prosecutor, Felix R.
Santangelo, seeks to challenge the appointment of Harry B.
Crook as chief of county detectives by the prosecutor of Mon-
mouth county.

Originally *certiorari* was instituted to review the action of
the civil service commission in certifying Crook on the eli-
gible list as a veteran. This was never submitted to the court,
and subsequently Crook was added as a party defendant and
motion made to amend the proceedings to form the basis of
relief either in the form of *certiorari* or *quo warranto,* which-
ever be proper. This latter motion is still pending before this
court.

It appears that Santangelo is a veteran of the world war
and as such is entitled to preference if his name be among
the first three on the eligible list, provided there be no other
veteran in such three. Crook served with the United States
army along the Mexican border in 1916 during the disturb-
ance caused by the Mexican bandit Villa. The civil service
commission regarded this service as entitling him to the rank-

ing of a veteran with the preference given veterans by the statute.

It appears that there are several questions raised or sought to be raised in this case. 1. Is *certiorari* a proper remedy? 2. Should an amendment into *quo warranto* be permitted? 3. Should the proceedings be dismissed for lack of diligent prosecution? 4. Is Crook entitled to be classed a veteran by reason of his service? 5. Is prosecutor qualified to compel his appointment to the office of chief of county detectives?

The eligible list, as certified to the prosecutor of the pleas, contained two names, Santangelo and Crook, both of whom were classed as veterans. The prosecutor of the pleas is not a party to these proceedings and his reasons for selecting Crook are not given.

It does not seem necessary to deal with the first four questions above enumerated for the reason that the proper ground for a decision is found in the fifth question. We recently held in *Horowitz* v. *Civil Service Commission, 12 N. J. Mis. R.* 190, and *McGlinchey* v. *Martin, Tax Commissioner, Ibid.* 188, that a certain discretion was reposed in the appointing official with respect to the business qualifications, fitness and character of candidates. In the instant case it appears indisputably by the record that Santangelo served as county detective under Prosecutor Quinn, the predecessor in office of Mr. Tumen; that he was discharged on charges of having assisted in the escape of persons sought for crime and of having padded an expense account; that he appealed to the civil service commission and his dismissal was sustained on the charge of presenting an improper expense account. It cannot be said that it is an unwarranted exercise of discretion to decline to appoint a person who has been adjudged to be unfit to be a county detective as chief of county detectives. Prosecutor argues that the civil service commission was aware of this record when it certified him and, therefore, this question is not properly in the case. But the discretion to be exercised with respect to matters of this kind is in the appointing official and not in the civil service commission.

We conclude that the prosecutor has not made out a case which entitled him to the assistance of the prerogative writs of this court, and that the *certiorari* should be dismissed and the motion to amend to afford the relief of *quo warranto* should be denied. It is so ordered, with costs.